THOMAS RAY SANDERS, JR.,

*Plaintiff*,

v.

C.D. ROBINSON, in his individual and official capacities; JEREMIAH THOMAS, in his individual and official capacities; THE CITY OF RALEIGH,

*Defendants.*

**COMPLAINT**

JURY TRIAL DEMANDED

## I.       NATURE OF THE CASE

1.       On December 19, 2022, RPD Officer C.D. Robinson ("Officer Robinson") used excessive force against Plaintiff Thomas Ray Sanders, Jr. ("TJ" or "Plaintiff")—first by slapping his phone out of his hands while TJ was recording him, then by slamming TJ face first to the ground. The blow split TJ's lip and forced his three bottom teeth out of alignment.



1

2. Later, RPD Officer Jeremiah Thomas ("Officer Thomas") fabricated material information in his charging documents—causing TJ to be falsely charged with assault on a government official and resisting arrest. The charges against TJ stemming from this incident were all dismissed without leave.

3. TJ now brings suit to recover for his physical injury and the violation of his Fourth Amendment and Fourteenth Amendment rights.

## II.    JURISDICTION

4. This Court has original subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a), as well as 42 U.S.C. § 1988, because the claims asserted herein arise under the laws of the United States and seek redress for rights guaranteed by the United States Constitution and deprived under color of state law.

5. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over any and all North Carolina state-law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that give rise to the federally based claims and causes of action.

## III.    VENUE

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because (i) the events giving rise to the claim occurred in this District, and (ii) the Defendant City of Raleigh resides in this District and, upon information and belief, Defendant Officers Robinson and Thomas also reside in this District.

## IV.    PARTIES

7. Plaintiff Thomas Ray Sanders, Jr. is a citizen and resident of Wake County, North Carolina.

8. Upon information and belief, Defendant Officer Robinson is a citizen and resident of Wake County, North Carolina.

9. Upon information and belief, Defendant Officer Thomas is a citizen and resident of Wake County, North Carolina.

10. At the time of the events alleged herein, Officer Robinson was a sworn police officer with the Raleigh Police Department.

11. At the time of the events alleged herein, Officer Thomas was a sworn police officer with the Raleigh Police Department.

12. Defendant City of Raleigh was, at all times relevant herein, a municipal corporation duly organized and existing under the laws of North Carolina that was acting under the laws of North Carolina. Defendant City of Raleigh hired, retained, and supervised Officer Robinson and Officer Thomas as police officers to carry out their duties on its behalf.

13. The City of Raleigh has waived immunity for liability by the purchase of liability insurance and/or by participating in a local government risk pool. Accordingly, the City of Raleigh has waived any claim of governmental immunity with respect to this action. The City of Raleigh is sued under the state-law claims for the conduct of its employees (including Officer Robinson and Officer Thomas) for which the City is liable under *respondeat superior*.

## V.    FACTUAL BACKGROUND

14. On the evening of December 18, 2022, TJ (then twenty years old) and his teenage cousin were exhausted from a late-night shift delivering food. After finishing their deliveries, they paid for a room at a Super 8 Motel in Raleigh.

15. The next morning, TJ and his cousin overslept their check-out time. Motel management woke them up and told them to leave. They gathered their belongings, but by the time they were ready to go, management had called the RPD.

16. When the RPD officers arrived, TJ and his cousin were in the motel room holding their belongings, ready to leave. The officer told them to go, and they immediately left the room.

17. Instead of letting TJ and his cousin leave, however, the RPD officers followed them and demanded—under threat of arrest—that they identify themselves. TJ complied, providing his name and birthday, while explaining that they had been working and slept in.

18. At most, the officers had reason to suspect that TJ had committed misdemeanor trespassing—a nonviolent offense.

19. TJ's cousin declined to provide his name. The officers handcuffed him and pinned him to the ground. TJ used his phone to record as Officer Robinson drove his elbow and knee into his cousin's head and back.

20. Officer Robinson then stood up and shoved TJ, shouting at him to "back up." When TJ kept recording, Officer Robinson shoved him several more times and slapped his phone from his hands.

21. During this sequence, TJ, who was just 5'5" and 135 pounds, stood and recorded the encounter. He was unarmed and never attempted to touch Officer Robinson.

22. TJ pleaded with Officer Robinson to stop, but Officer Robinson abruptly grabbed him and pulled his hands behind his back to arrest him.

23. Then, instead of handcuffing TJ, Officer Robinson slammed him face-first into a large tree root on the ground and kneed him in the back.

4

24. TJ never attempted to flee or resist arrest, and was always within Officer Robinson's control.

25. TJ was later taken to Wake Med hospital, where doctors noted extensive abrasions to his right cheek, temple, chin and lips, including a two-centimeter chin laceration. He reported to hospital staff that his bottom teeth felt "out of alignment" and "pushed in."

26. TJ was arrested by Officer Thomas for allegedly resisting arrest and assaulting a public officer.

27. In charging documents and statements to the court, Officer Thomas falsely claimed that TJ assaulted officer Robinson and resisted arrest.

28. These false statements and allegations directly caused TJ to be taken to jail, held for approximately five hours, and forced to pay a $1000 bond.

29. Had the court and District Attorney been aware that Officer Thomas's statements were false, TJ would never have been held on bond or prosecuted.

30. On October 5, 2023, all charges against TJ were dismissed without leave.

31. Officer Robinson is under investigation for the taser death of Darryl Williams in January 2023. In that case, Officer Robinson tased Williams multiple times, including after Williams reported a heart condition. There is a pending civil lawsuit against Officer Robinson for his use of force against Williams. *See Williams v. City of Raleigh*, No. 5:24-cv-00173-D (E.D.N.C. Mar. 18, 2024).

# VI.    CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF
### Violation of 42 U.S.C. § 1983 Against Officer Robinson for Use of Excessive Force Under the Fourth Amendment

32.    Plaintiff re-alleges and incorporates the preceding paragraphs as if set forth herein.

33.    Plaintiff brings this claim against Officer Robinson in his individual capacity as a police officer with the Raleigh Police Department.

34.    This claim is brought pursuant to 42 U.S.C. § 1983 for violation of the right to be free from excessive force under the Fourth Amendment to the U.S. Constitution, which applies to the actions of local governments pursuant to the Fourteenth Amendment. This claim is evaluated under an "objective reasonableness" standard.

35.    All actions complained of herein were taken under color of state law for purposes of 42 U.S.C. § 1983.

36.    Officer Robinson intentionally smacked Plaintiff's phone away, slammed Plaintiff face-first into a tree root on the ground and kneed him in the back with no legal justification, constituting excessive force under the Fourth Amendment.

37.    Officer Robinson's applications of force caused injuries to Plaintiff.

38.    Plaintiff seeks and is entitled to compensatory damages and all other damages for the injuries suffered due to Officer Robinson's violations of Plaintiff's rights under the Fourth Amendment.

39.    Plaintiff also seeks punitive damages to the extent allowed by law against Officer Robinson for his actions that were malicious, willful and wanton.

6

40. Plaintiff also seeks attorneys' fees to the extent allowed by law, including pursuant to 42 U.S.C. § 1988.

**SECOND CLAIM FOR RELIEF**
**Violation of 42 U.S.C § 1983 Against Officer Jeremiah Thomas for Prosecution without Probable Cause and Fabrication of False Evidence Under the Fourth and Fourteenth Amendments**

41. Plaintiff re-alleges and incorporates the preceding paragraphs as if set forth herein.

42. Plaintiff brings this claim against Officer Thomas in his individual capacity.

43. Officer Thomas is sued for violating Plaintiff's rights under the Fourth Amendment and Fourteenth Amendments and is liable for damages under 42 U.S.C § 1983.

44. Officer Thomas, despite knowing that probable cause did not exist to arrest and prosecute Plaintiff, intentionally, recklessly and with malice caused Plaintiff to be arrested and held on bail.

45. Officer Thomas intentionally fabricated inculpatory evidence, including but not limited to fabricating that Plaintiff assaulted Officer Robinson and resisted arrest.

46. Officer Thomas likewise omitted material facts in his statements to the District Attorney and the Court.

47. As a direct and proximate result of the Officer Thomas' acts, Plaintiff was wrongfully arrested, charged, imprisoned and prosecuted, causing him to suffer the injuries and damages described above.

48. Plaintiff also seeks attorneys' fees to the extent allowed by law, including pursuant to 42 U.S.C. § 1988.

7

## THIRD CLAIM FOR RELIEF
## Assault and Battery and Negligence Against Officer Robinson and the City of Raleigh

49.     Plaintiff re-alleges and incorporates the preceding paragraphs as if set forth herein.

50.     Plaintiff brings these claims against Officer Robinson in his individual and official capacities as a police officer with the Raleigh Police Department.

51.     At the time of his actions as alleged herein, Officer Robinson was acting as an employee and agent of the Raleigh Police Department and the City of Raleigh and within the course and scope of his official employment with those agencies. Officer Robinson was on duty and was assigned to carry out his lawful duties which he failed to do.

52.     Officer Robinson's use of excessive force against Plaintiff constituted assault and battery.

53.     Further, in using excessive force against Plaintiff, Officer Robinson acted deliberately, maliciously, willfully, wantonly and corruptly, and without Plaintiff's consent. In doing so, Officer Robinson caused the injuries and medical expenses alleged herein.

54.     In the alternative, Officer Robinson used excessive force against Plaintiff negligently.

55.     Plaintiff also brings these claims against the City of Raleigh as the principal of its agent, Officer Robinson, under *respondeat superior*. Upon information and belief, the City of Raleigh has waived immunity for claims brought against the City of Raleigh that arise from the conduct of its agents who, like Officer Robinson here, act within the scope of their employment.

56.     Plaintiff is entitled to and seeks compensatory damages from Officer Robinson and the City of Raleigh.

57.     Plaintiff is entitled to and seeks punitive damages against Officer Robinson.

8

## VII.  DEMAND FOR TRIAL BY JURY

58.     Plaintiff demands a trial by jury on all issues that are so triable.

## VIII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following judgment:

A.  An Order finding in favor of Plaintiff on all causes of action alleged herein;

B.  Compensatory damages;

C.  Punitive damages;

D.  An award of attorney's fees and costs and expenses; and

E.  Such other and further relief as this Court may deem just, equitable, or proper.

Respectfully submitted this the 4th day of September 2025.

TIN FULTON WALKER & OWEN PLLC

/s/ Abraham Rubert-Schewel
Abraham Rubert-Schewel (NCSB #: 56863)
schewel@tinfulton.com
Zachary Ezor (NCSB#: 55070)
zezor@tinfulton.com
119 Orange Street, Floor 2
Durham, NC 27701
Telephone: (919) 307-8400

*Attorneys for Plaintiff*

9

Case 5:25-cv-00555-FL    Document 1    Filed 09/04/25    Page 9 of 9