# ATTACHMENT 1

# STATE OF NORTH CAROLINA

| | File No. |
|---|---|
| | 23 CVS 1283 |

Wake County

In The General Court Of Justice
Superior Court Division

FILED
2023 FEB 8 P 2:32
WAKE COUNTY, C.S.C
BY

IN THE MATTER OF
CUSTODIAL LAW ENFORCEMENT AGENCY
RECORDING SOUGHT BY:

Name Of Petitioner
Abraham Rubert-Schewel

Address
Tin Fulton Walker & Owen PLLC
119 E. MAin Street

City, State, Zip
Durham, NC 27701

**ORDER ON PETITION FOR RELEASE OF
CUSTODIAL LAW ENFORCEMENT AGENCY
RECORDING**

☒ G.S. 132-1.4A(f) – Person authorized to receive disclosure

☐ G.S. 132-1.4A(g) – General

This matter came before the undersigned Superior Court Judge to determine whether release of a law enforcement agency recording is warranted under Chapter 132 of the General Statutes. Following a hearing, the Court makes the following findings of fact and conclusions of law:

## FINDINGS OF FACT

1. On _01/24/2023_ (date), the petitioner named above filed a petition for release of a custodial law enforcement agency recording to Abraham Rubert-Schewel o/b/o Thomas Ray Sanders, Jr. _____.

2. Petitioner ☒ served ☐ did not serve a copy of the the petition on the head of the custodial law enforcement agency and the District Attorney.

3. The head of the custodial law enforcement agency ☒ did ☐ did not give notice of the petition and hearing to all law enforcement agency personnel whose image or voice is in the recording and also to the head of each such person's employing agency.

4. Each person entitled to be notified of this proceeding ☒ was ☐ was not given an opportunity to be heard, either individually or by such person's designated representative.

☒ 5. The Court conducted an in-camera review of the recording on _02/08/2023_ (date).

6. The recording ☒ was made ☐ was made in some portion ☐ was not made in this county.

☒ 7. **Request made pursuant to G.S. 132-1.4A(f)**
The Court determined that the person to whom release of the recording is sought is the following:
(**NOTE TO JUDGE:** *"Personal representative" is defined as "A parent, court-appointed guardian, spouse, or attorney of a person whose image or voice is in the recording. If a person whose image or voice is in the recording is deceased, the term also means the personal representative of the estate of the deceased person; the deceased person's surviving spouse, parent, or adult child; the deceased person's attorney; or the parent or guardian of a surviving minor child of the deceased." G.S. 132-1.4A(a)(5).*)

☐ A person whose image or voice is in the recording.

☒ A personal representative of an adult person whose image or voice is in the recording and the adult person has consented to the disclosure.

☐ A personal representative of a minor or of an adult person under lawful guardianship whose image or voice is in the recording.

☐ A personal representative of a deceased person whose image or voice is in the recording.

☐ A personal representative of an adult person who is incapacitated and unable to provide consent to disclosure.

☐ None of the above.

**and**

The Court considered the applicability of all of the standards in G.S. 132-1.4A(g) and determined the following:

☐ Release is necessary to advance a compelling public interest.

☐ The recording contains information that is otherwise confidential or exempt from disclosure or release under State or federal law.

(Over)

AOC-CV-271, Rev. 4/17
© 2017 Administrative Office of the Courts

☒ The person requesting release is seeking to obtain evidence to determine legal issues in a current or potential court proceeding.

☐ Release would reveal information regarding a person that is of a highly sensitive personal nature.

☐ Release may harm the reputation or jeopardize the safety of a person.

☐ Release would create a serious threat to the fair, impartial, and orderly administration of justice.

☐ Confidentiality is necessary to protect either an active or inactive internal or criminal investigation or potential internal or criminal investigation.

☒ There is good cause shown to release all portions of a recording.

☐ Other (if applicable): _____.

☐ 8. **Request made pursuant to G.S. 132-1.4A(g)**
The Court considered the applicability of all of the standards in G.S. 132-1.4A(g) and determined the following:

☐ Release is necessary to advance a compelling public interest.

☐ The recording contains information that is otherwise confidential or exempt from disclosure or release under State or federal law.

☐ The person requesting release is seeking to obtain evidence to determine legal issues in a current or potential court proceeding.

☐ Release would reveal information regarding a person that is of a highly sensitive personal nature.

☐ Release may harm the reputation or jeopardize the safety of a person.

☐ Release would create a serious threat to the fair, impartial, and orderly administration of justice.

☐ Confidentiality is necessary to protect either an active or inactive internal or criminal investigation or potential internal or criminal investigation.

☐ There is good cause shown to release all portions of a recording.

☐ Other (if applicable): _____.

| CONCLUSIONS OF LAW | |
|---|---|

In light of the foregoing findings of fact, (check one and write name of party authorized or not authorized to release of the recording)

☒ The Court concludes that the Raleigh Police Department _____ is authorized to the release of the recording.

☐ The Court concludes that _____ is not authorized to the release of the recording.

| ORDER | |
|---|---|

It is therefore Ordered that (check one)

☒ **Petition Granted:**

The custodial law enforcement agency shall release to Abraham Rubert-Schewel _____ the following portions of the recording: (list, and indicate if all portions are to be released) the entirety of the recordings. The recording provided to the Court will be returned to the LEA.

☒ The court places the following conditions/restrictions on the release of the recording: Recording may only be used to obtain evidence to determine legal issues in potential or pending legal proceedings and may not be disseminated (execept to opposing/or co- parties) without further order of the Court. (opposing/co-parties must be given a copy of this order).

☐ **Petition Denied:**
The custodial law enforcement agency shall not release any portion of the recording to _____.

| SIGNATURE OF SUPERIOR COURT JUDGE | |
|---|---|

| Date | Name Of Superior Court Judge (type or print) | Signature Of Superior Court Judge |
|---|---|---|
| 02/08/2023 | A. Graham Shirley | |

AOC-CV-271, Side Two, Rev. 4/17
© 2017 Administrative Office of the Courts

**Certificate of Service**

I HEREBY CERTIFY that the foregoing document was served on the parties listed below by:

☒ Transmitting a copy hereof to each said party via e-mail;

☐ Depositing a copy hereof, first class postage pre-paid in the United States mail, properly addressed as follows:

Lorrin Freeman
Post Office Box 31
Raleigh, NC 27602
n.lorrin.freeman@nccourts.org
*Wake County District Attorney*

Abraham Rubert-Schewel
119 E. Main St
Durham, NC 27701
schewel@tinfulton.com
*Petitioner*

Chief Estella Patterson
6716 Six Forks Rd.
Raleigh, NC 27615
Sherita.Walton@raleighnc.gov
*Raleigh Police Department*

This the 8th day of February, 2023.

B. Davis Cooper, Court Coordinator
PO Box 351, Raleigh, NC 27602
Bettye.D.Cooper@nccourts.org