# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### Case No. 25-cv-00555

THOMAS RAY SANDERS, JR.,

        *Plaintiff*,

v.

C.D. ROBINSON, in his individual capacity,

        *Defendant.*

**SECOND AMENDED COMPLAINT**

JURY TRIAL DEMANDED

## I.     NATURE OF THE CASE

1.    On December 19, 2022, Raleigh Police Department ("RPD") Officer C.D. Robinson ("Officer Robinson") used excessive force against Plaintiff Thomas Ray Sanders, Jr. ("TJ" or "Plaintiff")—first by slapping his phone out of his hands while TJ was recording him, then by slamming TJ face first to the ground. The blow split TJ's lip and forced his three bottom teeth out of alignment.



1

2. TJ now brings suit to recover for his physical injury and the violation of his Fourth Amendment rights.

## II. JURISDICTION

3. This Court has original subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a), as well as 42 U.S.C. § 1988, because the claims asserted herein arise under the laws of the United States and seek redress for rights guaranteed by the United States Constitution and deprived under color of state law.

4. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over any and all North Carolina state-law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that give rise to the federally based claims and causes of action.

## III. VENUE

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because (i) the events giving rise to the claim occurred in this District, and (ii) the Defendant City of Raleigh resides in this District and, upon information and belief, Defendant Officers Robinson and Thomas also reside in this District.

## IV. PARTIES

6. Plaintiff Thomas Ray Sanders, Jr. is a citizen and resident of Wake County, North Carolina.

7. Upon information and belief, Defendant Officer Robinson is a citizen and resident of Wake County, North Carolina.

8. At the time of the events alleged herein, Officer Robinson was a sworn police officer with the Raleigh Police Department.

2

## V. FACTUAL BACKGROUND

9. On the evening of December 18, 2022, TJ (then twenty years old) and his teenage cousin were exhausted from a late-night shift delivering food. After finishing their deliveries, they paid for a room at a Super 8 Motel in Raleigh.

10. The next morning, TJ and his cousin overslept their check-out time. Motel management woke them up and told them to leave. They gathered their belongings, but by the time they were ready to go, management had called the RPD.

11. When the RPD officers arrived, TJ and his cousin were in the motel room holding their belongings, ready to leave. The officers told them to go, and they immediately left the room.

12. Instead of letting TJ and his cousin leave, however, the RPD officers followed them and demanded—under threat of arrest—that they identify themselves. TJ complied, providing his name and birthday, while explaining that they had been working and slept in.

13. At most, the officers had reason to suspect that TJ had committed misdemeanor trespassing—a nonviolent offense.

14. TJ's cousin declined to provide his name. The officers handcuffed him and pinned him to the ground, while Officer Robinson said, "Do what you're fucking told."

15. TJ was holding his phone in one hand and a bag of clothes in the other.

16. TJ used his phone to record as Officer Robinson drove his elbow and knee into his cousin's head and back.

17. Officer Robinson then stood up and shoved TJ, shouting at him to "back up." When TJ kept recording, Officer Robinson shoved him at least four times and slapped his phone from his hands.

3

18. TJ was unarmed and briefly touched Officer Robinson's wrist after the officer shoved him.

19. During this sequence, TJ, who was just 5'5" and 135 pounds, stood and recorded the encounter.

20. TJ pleaded with Officer Robinson to stop shoving him, but Officer Robinson abruptly grabbed him and pulled his hands behind his back to arrest him.

21. Then, instead of handcuffing TJ, Officer Robinson slammed him face-first into a large tree root on the ground, kneed him in the back, and forced the side and front of TJ's face down into the ground.

22. TJ never attempted to flee or resist arrest, and was always within Officer Robinson's control.

23. TJ was later taken to Wake Med hospital, where doctors noted extensive abrasions to his right cheek, temple, chin and lips, including a two-centimeter chin laceration. He reported to hospital staff that his bottom teeth felt "out of alignment" and "pushed in."

24. TJ was arrested and charged with resisting arrest and assaulting a public officer.

25. On October 5, 2023, all charges against TJ were dismissed without leave.

## VI. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### Violation of 42 U.S.C. § 1983 Against Officer Robinson for Use of Excessive Force Under the Fourth Amendment

26. Plaintiff re-alleges and incorporates the preceding paragraphs as if set forth herein.

27. Plaintiff brings this claim against Officer Robinson in his individual capacity as a police officer with the Raleigh Police Department.

4

28. This claim is brought pursuant to 42 U.S.C. § 1983 for violation of the right to be free from excessive force under the Fourth Amendment to the U.S. Constitution, which applies to the actions of local governments pursuant to the Fourteenth Amendment.

29. All actions complained of herein were taken under color of state law for purposes of 42 U.S.C. § 1983.

30. Officer Robinson intentionally shoved Plaintiff four times, smacked Plaintiff's phone away, slammed Plaintiff face-first into a tree root on the ground, kneed him in the back, and forced the front and side of his face into the ground, with no legal justification, constituting excessive force under the Fourth Amendment.

31. Officer Robinson's applications of force caused injuries to Plaintiff.

32. Plaintiff seeks and is entitled to compensatory damages and all other damages for the injuries suffered due to Officer Robinson's violations of Plaintiff's rights under the Fourth Amendment.

33. Plaintiff also seeks punitive damages to the extent allowed by law against Officer Robinson for his actions that were malicious, willful and wanton.

34. Plaintiff also seeks attorneys' fees to the extent allowed by law, including pursuant to 42 U.S.C. § 1988.

**SECOND CLAIM FOR RELIEF**
**Assault and Battery and Negligence Against Officer Robinson**

35. Plaintiff re-alleges and incorporates the preceding paragraphs as if set forth herein.

36. Plaintiff brings these claims against Officer Robinson in his individual capacity as a police officer with the Raleigh Police Department.

5

37. At the time of his actions as alleged herein, Officer Robinson was acting as an employee and agent of the Raleigh Police Department and the City of Raleigh and within the course and scope of his official employment with those agencies. Officer Robinson was on duty and was assigned to carry out his lawful duties which he failed to do.

38. Officer Robinson's use of excessive force against Plaintiff constituted assault and battery.

39. Further, in using excessive force against Plaintiff, Officer Robinson acted deliberately, maliciously, willfully, wantonly and corruptly, and without Plaintiff's consent. In doing so, Officer Robinson caused the injuries alleged herein.

40. In the alternative, Officer Robinson used excessive force against Plaintiff negligently.

41. Plaintiff is entitled to and seeks compensatory damages from Officer Robinson.

42. Plaintiff is entitled to and seeks punitive damages against Officer Robinson.

## VII. DEMAND FOR TRIAL BY JURY

43. Plaintiff demands a trial by jury on all issues that are so triable.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following judgment:

A. An Order finding in favor of Plaintiff on all causes of action alleged herein;

B. Compensatory damages;

C. Punitive damages;

D. An award of attorney's fees and costs and expenses; and

E. Such other and further relief as this Court may deem just, equitable, or proper.

Respectfully submitted this the 22nd day of May 2026.

**TIN FULTON WALKER & OWEN PLLC**


/s/ Abraham Rubert-Schewel
Abraham Rubert-Schewel (NCSB #: 56863)
schewel@tinfulton.com
Zachary Ezor (NCSB#: 55070)
zezor@tinfulton.com
119 Orange Street, Floor 2
Durham, NC 27701
Telephone: (919) 307-8400

*Attorneys for Plaintiff*

7